UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    Styllianos Kousis<br><br>                        Debtor. | Case No. 116-44490-ess<br>Chapter 7 |
| David J. Doyaga as Trustee of the Estate of Styllianos Kousis<br>                        Plaintiff,<br>  - against -<br><br>  Andriani Kousis<br>                        Defendant | Adversary Action Number: |

COMPLAINT TO DETERMINE INTERESTS IN BANK ACCOUNTS

    David J. Doyaga the Chapter 7 Trustee assigned to the above captioned Chapter 7 Case (hereinafter, referred to as "Plaintiff" or "Trustee"), by David J. Doyaga, for his complaint against the Defendant, Andriani Kousis, alleges as follows:

**JURISDICTION**

    1. This is an adversary proceeding brought pursuant to Section 363 of Title 11 of the United States Code (the "Bankruptcy Code").

    2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and 1334 and the standing Order of reference issued by the District Court for the Eastern District of New York in that it arises under Title 11, United States Code, in a case presently pending before this Court.

    3. This is a core proceeding pursuant to 28 U.S.C. Section 157 (b) (2) (A), (E) and (O).

    4. Venue in this District is proper in so far as the adversary proceeding arises out of, and is brought in conjunction with, a case under Title 11 of the United States Code which is pending in this District.

## BACKGROUND

5. On October 4, 2016 (the "Filing Date"), Styllianos Kousis (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. The Defendant, Andriani Kousis, is the Debtor's wife.

6. David J. Doyaga, Sr., the Plaintiff herein, was appointed Chapter 7 Trustee of the Debtor's Bankruptcy Case pursuant to a Notice of Appointment.

7. On January 12, 2017 the first meeting of creditors was held pursuant to Section 341 of the Bankruptcy Code. Pursuant to Section 702 of the Bankruptcy Code, the Plaintiff became the permanent Trustee and is, therefore, authorized to commence and prosecute this action pursuant to Section 323 of the Bankruptcy Code.

8. Upon review of documents provided in response to Trustee's demand, the Debtor had nonexempt cash held in two joint bank accounts with his wife, Andriana Kousis, (the "Defendant"). These accounts were both held at New York Community bank. The passbook savings account, ending in 3921 was turned over to the Estate as a result of a demand sent by the Trustee. The checking account, ending in 0462, however was not turned over to the Estate. Both bank accounts are property of the Estate.

9 Plaintiff is now seeking a determination of what monies in these accounts are property of the Estate and what monies belong to the Defendant.

## AS FOR THE CAUSE OF ACTION PURSUANT TO
## SECTION 541 OF THE BANKRUPTCY CODE

10. On the Filing Date, the balance in account ending 3921 was $84,725.88 and the balance in account ending in 0462 is estimated to be $15,500 as the bank statement for the date of filing was not provided.

11.  The source of the monies in the account (ending 3921) turned over to the Estate, $84,725.88, are all from deposits made by the Debtor from monies of the Debtor and not the Defendant.

12.  Section 541(a)(1) states:

> (a)The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

13.  The monies Trustee is holding from account ending 3921 are property of the Estate.

14.  Trustee does not seek the turnover of account ending 0462.

WHEREFORE, Plaintiff respectfully requests an Order:

(1) Determining that the proceeds of bank account ending 3921 is Property of the Estate; and

(2)  Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 7, 2018

                Respectfully submitted,
                *BY: s:/ David J. Doyaga, Sr.*
                Acting as counsel to The Chapter 7 Trustee
                26 Court Street, Suite 1601
                Brooklyn, NY 11241
                (718) 488-7500